IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ISYS JORDAN,<br><br>　　　　　　　Defendant. | 4:14-CR-3015<br><br>TENTATIVE FINDINGS |

　　　　The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has filed a sentencing statement (filing 205) in which she reasserts several objections to the presentence report.

　　　　IT IS ORDERED:

1.　　The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

　　(a)　give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

　　(b)　resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

　　(c)　impose upon the United States the burden of proof on all Guidelines enhancements;

　　(d)　impose upon the defendant the burden of proof on all Guidelines mitigators;

　　(e)　depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

- (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant's sentencing statement (filing 205) sets forth three specific objections to the presentence report:

    (a) The defendant objects to the two-level enhancement for a vulnerable victim pursuant to U.S.S.G. § 3A1.1(b)(1). That two-level enhancement applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim," who is defined as a victim of the offense of conviction "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.*, cmt. n.2.

    There is little dispute that the victims in this case were vulnerable within the meaning of § 3A1.1(b)(1), and the defendant concedes that point. Filing 205 at 2; *see generally United States v. Whitlow*, 124 F.3d 218 (10th Cir. 1997) (unpublished table decision). But the defendant argues that she was "in all respects, kept in the dark about the nature of the conspiracy as well as the condition of the targets of the fraud." Filing 205 at 1-2. And when the defendant objects, it is the government's burden to prove the applicability of an enhancement by a preponderance of the evidence. *See, United States v. Mustafa*, 695 F.3d 860, 862 (8th Cir. 2012); *United States v. Twiggs*, 678 F.3d 671, 674 (8th Cir. 2012); *United States v. Myers*, 481 F.3d 1107, 1109-10 (8th Cir. 2007). The Court will, therefore, resolve this issue at sentencing.

    (b) The presentence report recommends that the defendant receive a two-level downward adjustment pursuant to U.S.S.G. § 3B1.2(b) based on her minor role in the offense; the defendant argues that she should receive a four-level downward adjustment as a minimal participant within the meaning of U.S.S.G. § 3B1.2(a). Filing 205 at 2-3. To qualify for such an adjustment, the defendant must be "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. n.4. "[T]he

>   defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* Minimal participants are those with "insignificant" involvement in the criminal activity. *United States v. Goodman*, 509 F.3d 872, 875 (8th Cir. 2007).
>
>   In determining whether a defendant qualifies as a minimal participant, a court should look at the defendant's relevant conduct, compare the acts of the defendant to the acts of the other participants, and consider the acts of the defendant as they relate to the elements of the offense. *Id.* at 875-76. And the burden of establishing minimal-participant status rests with the defendant. *Id.* at 875. The Court will also resolve this issue at sentencing.

   (c)   Finally, the defendant argues that instead of being held responsible for the entire amount of restitution attributable to the scheme, she should be held responsible for only $3,571: the amount she says was "directly attributable to her actions." Filing 205 at 3. The Mandatory Victims Restitution Act, 18 U.S.C. § 3663 *et seq.*, requires defendants convicted of an offense "in which an identifiable victim or victims has suffered a . . . pecuniary loss" to make restitution to the victims of the offense in the full amount of each victim's loss. 18 U.S.C. §§ 3663A(c)(1)(B) and 3664(f)(1)(A). But when the Court finds that more than one defendant has contributed to the loss of a victim, the Court may make each defendant liable for payment of the full amount of restitution, or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant. § 3664(h). With those principles in mind, the Court will determine at sentencing the amount of restitution to be ordered.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings,

      supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

      Dated this 6th day of October, 2014.

                                    BY THE COURT:

                                    John M. Gerrard
                                    United States District Judge